[Cite as *Anderson v. Collier*, 2016-Ohio-5592.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Michael Anderson, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 16AP-63 |
| | | (C.P.C. No. 15JU-7351) |
| Quianna Collier, | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on August 30, 2016

**On brief:** *Cynthia M. Roy*, for appellee. **Argued:** *Cynthia M. Roy*

**On brief:** *The Nigh Law Groupp LLC,* and *Courtney A. Zollars*, for appellant. **Argued:** *Courtney A. Zollars.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations, Juvenile Branch

TYACK, J.

{¶ 1} Quianna Collier is appealing from the trial court's refusal to set aside a judgment entered against her after she failed to come to court on her trial date. The brief filed on her behalf does not literally include assignments of error, but sets forth the propositions that the judgment should have been set aside and that the trial court abused its discretion in failing to do so. Three arguments are made in her brief:

> I. There is a clear abuse of discretion as the decision of the trial court relies on facts not in evidence and incorrect assumptions.
>
> II. Trial Court's finding that Appellant was properly served and the Court has personal jurisdiction is reversible error.

III. The Trial Court's denial of Appellant's Amended Motion
for 60(B) Relief was an abuse of discretion.

{¶ 2}   Collier and Michael Anderson had an intimate relationship for several years. As a result of the relationship, a child was born.  Friction existed between the parties which led to Anderson filing a complaint for allocation of parental rights and responsibilities.

{¶ 3}   Counsel for Collier attempted certified mail service of the complaint at 3573 Cypress Club Way in Columbus, Ohio.  This attempt at service failed.  A trial date was rescheduled as a result.

{¶ 4}   A new attempt at service was attempted at 1455 Worthington Woods Blvd., in Columbus, Ohio.  This attempt generated a service completion form which indicated that Collier had been served at the Worthington Woods address.

{¶ 5}   Upon receiving papers indicating that judgment had been entered against her, Collier filed a motion seeking relief under Civ.R. 60(B).  She alleged she had not been served the original papers, which was the reason she had not come to court on her trial date.  Collier then obtained counsel, who amended her Civ.R. 60(B) motion.

{¶ 6}   The motion, as amended, resulted in an evidentiary hearing on the issue of service.  At the hearing, Collier's brother, Dijon Doughrity testified Collier lived with him and their mother from February 2015 on.  However, Collier spent some time at 3573 Cypress Club Way where Michael Anderson lived.

{¶ 7}   Dijon claimed that he, his mother, and Collier moved to a new residence around August 3 or 4, 2015, so none of them were living at the 1455 Worthington Woods address when someone signed for the certified mail service at that address in mid-August.

{¶ 8}   Dijon claimed that Anderson knew of Collier's moving arrangement and even helped with the move.  Dijon could not know if this information was communicated to Anderson's attorney who was the person who actually asked for a second certified mail attempt at service.

{¶ 9}   Collier moved back in with Anderson in September 2015.  The couple separated after Collier received copies of the court papers which made Anderson residential parent of their child.

{¶ 10} Collier's testimony corresponded closely with her brother's testimony.

{¶ 11} Anderson also testified at the hearing on service of process, first on cross-examination and then on direct examination. From Anderson's perspective, he and Collier had never really split up until the trial court did not grant Collier shared parenting after the court hearing. The couple would quarrel at times and Collier would then spend some time with her mother (perhaps as long as one month), but the couple would always get back together. When they would quarrel, Collier would take their child with her when she left, which is why Anderson finally filed a court case to stabilize his access to the child.

{¶ 12} When Anderson filed, he initially listed Collier's address as his address because, although they were quarreling, he thought she would be back with him by the time the papers arrived. The initial service of process at his Cypress Way address failed, as noted earlier.

{¶ 13} Anderson claimed that he did not recall when Collier asked for his help in moving from the West Worthington address. He affirmed that he and Collier were living together on the date of the court hearing.

{¶ 14} On the date of the hearing, Anderson left for work at 4:00 a.m. while Collier was sleeping. He did not claim to be surprised when she did not show up for court later that day because he did not feel Collier could afford to hire a lawyer. Also, he was asking for an even division of parenting time and was asking for no child support. He felt the court was awarding shared parenting, so Collier might have felt her appearance would change nothing.

{¶ 15} Based on the testimony at the Civ.R. 60(B) hearing, the trial court judge felt that the evidence did not prove that Collier did not get properly served. Service of process was attempted at two addresses where she lived or had lived. A return for certified mail service at the second address was returned to the clerk of courts, so on the face of the court documents valid service had been obtained.

{¶ 16} Collier claimed she never got the documents and was unaware of the hearing. Anderson claimed that the couple discussed the complaint he filed and that she was fully aware that court proceedings were under way. There is no dispute that they lived together with their child for approximately two months between the date of the apparent service and the mailing of the court's judgment entry.

{¶ 17} The trial court was at liberty to believe that Collier chose not to come to court.  She had no counsel.  She was living with the child's father.  The father was asking for no more than what could be reasonably expected, an equal share of the time with the child.

{¶ 18} We are guided by an abuse-of-discretion standard in deciding whether or not a trial court judge was correct to overrule a motion to set aside a judgment under Civ.R. 60(B).  We cannot say the trial court judge abused her discretion in overruling the Civ.R. 60(B) motion in this case.

{¶ 19} The deemed assignments of error are overruled.  The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.

————————————